UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

   SANDRA GUENTHER                       09-10981 B

                    Debtor              DECISION & ORDER
------------------------------------------------------

                        Penney, Maier & Wallach
                        Mark S. Wallach, Esq., of counsel
                        169 Delaware Avenue
                        Buffalo, New York 14202
                        Attorneys for the Chapter 7 Trustee

                        Sandra Guenther
                        29 Annamarie Terrace
                        Buffalo, New York 14225
                        Debtor Pro Se

Bucki, Chief U.S.B.J., W.D.N.Y.

     The debtor is the recipient of an insurance recovery providing compensation for a fire loss of personal property. The present dispute involves the extent to which New York law allows a debtor to exempt these insurance proceeds from bankruptcy administration.

     On February 25, 2009, a fire destroyed a trailer home occupied by Sandra Guenther, the debtor herein. Promptly thereafter, her fire insurer paid a settlement to Ms. Guenther. The Chapter 7 trustee reports that this settlement totaled $39,063.39, and that it included reimbursement of living expenses and compensation for the value of the mobile home, an adjacent structure, and personal property. Although Sandra Guenther spent part of the settlement, she placed a significant portion of the money into her mother's safe deposit box.

Sandra Guenther filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 16, 2009, less than one month after her receipt of the fire insurance proceeds and at a time when a substantial portion of those proceeds were still unspent. In schedules filed with her bankruptcy petition, however, Guenther failed to report either the fire loss or her receipt of insurance proceeds. On June 15, 2009, the debtor then filed an amended schedule of personal property and an amended schedule of property claimed as exempt. By this amendment, Guenther indicated that at the time of her bankruptcy filing, she still retained possession of insurance proceeds totaling $33,000, of which $18,000 derived from the recovery of fire loss to her residence, and $15,000 derived from the recovery of fire loss to its contents.[1] Further, she asserted an exemption for these proceeds, as well as for the residual value of her homestead, clothing having a value of $250, various household goods having a value of $1,900, and the sum of $400 on deposit in a bank account. Within thirty days of the filing of the debtor's amendment, the case trustee filed the present motion to disallow or to limit the claimed exemptions.

After a hearing on notice to the debtor and her counsel,[2] this court issued an order that resolved two of three objections that the trustee presented in his motion. Pursuant to the authority granted by 11 U.S.C. § 522(b)(2), the state of New York has opted to set its own standard for the exemption of property from administration in a bankruptcy case. Based on the direction of C.P.L.R. § 5206 and Debtor and Creditor Law § 282, a debtor may claim a homestead exemption in a mobile home with a value not exceeding $50,000 above liens and expenses. For this reason, the court granted the trustee's request to impose a $50,000 limit on the debtor's request to exempt both the remaining value of the mobile home and all insurance

---

[1] The case trustee has disclosed his receipt of evidence indicating that the debtor may have received only $12,500 as a recovery for the contents of her dwelling. This factual discrepancy has no impact on the present decision, although it may affect the outcome of the trustee's separate motion for a turnover of non-exempt assets.

[2] Subsequent to the hearing on the trustee's motion, this court granted the motion of debtor's original counsel to be relieved from any duty of further representation.

attributable to any damages to that homestead. Secondly, to the extent that a homestead exemption is claimed under New York law, a debtor must forego a cash exemption. N.Y. DEBT. & CRED. LAW § 283(2). Accordingly, this court further sustained the trustee's objection to the claim of an exemption for cash on deposit in the debtor's checking account.

The court reserved decision on the trustee's third objection, which seeks to limit the exemption claimed for an insurance recovery of damage to personal property. The trustee contends that because New York law will generally allow an exemption for designated personalty having a value of up to $5,000, the debtor may exempt insurance proceeds for only the difference between $5,000 and the value of any clothing and household goods that the debtor might still possess. Ms. Guenther responds that the monetary limitation refers to the liquidation value of the designated items, but that Debtor and Creditor Law § 282 and C.P.L.R. § 5205(b) allow an unlimited exemption for insurance proceeds. Effectively, therefore, the debtor suggests that she may exempt the higher replacement value of insured property that would have been fully exempt if a fire loss had not occurred.

Section 282 of the New York Debtor and Creditor Law provides generally that a debtor in bankruptcy may exempt all personal property that is "exempt from application to the satisfaction of money judgments" under section 5205 of the Civil Practice Law and Rules (C.P.L.R.). This general exemption is subject, however, to the limitations of Debtor and Creditor Law § 283. In particular, section 283(1) states that "[t]he aggregate amount the debtor may exempt from property of the estate for personal property exempt from application to the satisfaction of a money judgment under subdivision (a) of section fifty-two hundred five of the civil practice law and rules . . . shall not exceed five thousand dollars." Notably, this limitation of section 283(1) applies only to subdivision (a) of C.P.L.R. § 5205, and not to any of its other eight subdivisions.

C.P.L.R. § 5205(a) contains a list of specific items of exempt property. For example, C.P.L.R. § 5205(a)(1) provides an exemption for stoves, while C.P.L.R. § 5205(a)(5) allows an exemption for "all wearing apparel, household furniture, one mechanical, gas or electric refrigerator, one radio receiver, one television set, crockery, tableware and cooking utensils necessary for the judgment debtor and the family." Most of the contents of the debtor's mobile home would therefore have been exempt from application to the satisfaction of a money judgment. Pursuant to the New York Debtor and Creditor Law, this exempt status would extend to bankruptcy, subject to the limitation of $5,000 in value.

Unfortunately, a fire has destroyed most of the household goods that C.P.L.R. § 5205(a) would have identified as exempt. Generally, insurance proceeds that are traceable to exempt assets will similarly enjoy exempt status in bankruptcy. Consequently, Ms. Guenther may exempt up to $5,000 of value in either exemptible household goods or any related insurance recovery. The present dispute addresses whether she may also exempt any excess proceeds.

Debtor and Creditor Law § 283(1) imposes a $5,000 limitation that applies only to exempt assets described in C.P.L.R. § 5205(a), and not to assets exempt under any of the other subdivisions of C.P.L.R. § 5205. Thus, the debtor proposes to rely on C.P.L.R. § 5205(b), which provides as follows:

> A cause of action, to recover damages for taking or injuring personal property exempt from application to the satisfaction of a money judgment, is exempt from application to the satisfaction of a money judgment. A money judgment and its proceeds arising out of such a cause of action is exempt, for one year after the collection thereof, from application to the satisfaction of a money judgment.

Arguably, exempt status will attach to the full value of a cause of action arising from a taking or injuring of exempt personal property. Such, however, is not the circumstance of the instant case. C.P.L.R. § 5205(b) refers to tort claims. In contrast, the debtor has received payment pursuant to contractual rights that allow

compensation without determination of fault. These payments constitute a reimbursement for the value of lost assets, and not a recovery of damages for some identifiable act of taking or injuring. Consequently, section 5205(b) provides no basis to exempt the insurance proceeds that Ms. Guenther received in the present instance. Instead, she may exempt these proceeds only under the authority of section 5205(a), but with the $5,000 limitation of Debtor and Creditor Law § 283.

The court appreciates that the contents of the debtor's home would likely have had a fair market value far less than any insured replacement value. New York's exemption law attaches no significance to this distinction, however. If a debtor files a bankruptcy petition while in possession of the type of personalty described in C.P.L.R. § 5205(a), she may exempt all such property having an aggregate fair market value up to $5,000. If the debtor incurs a fire loss prior to the bankruptcy filing, allowable exemptions will still attach to insurance proceeds. In this latter instance, however, the same limitation of $5,000 will instead apply to the amount of insurance recovery.

For the reasons stated herein, the trustee's objection is sustained, to the effect that the debtor may exempt no more that $5,000 of value in either the type of assets described in C.P.L.R. § 5205(a) or in proceeds of insurance for such kinds of personal property.

So ordered.

Dated:   Buffalo, New York            /s/      CARL L. BUCKI
         October 23, 2009             Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

Case 1-09-10981-CLB   Doc 62   Filed 10/23/09   Entered 11/02/09 10:19:33   Desc Main
Document      Page 5 of 5